[Civ. Nos. 8622, 8623. Second Appellate District, Division One.— May 28, 1935.]

MARGARETA ODEN STEVENSON et al., Appellants, v. THE UNION OIL COMPANY OF CALIFORNIA (a Corporation), Respondent.

DOUGLAS L. RULISON, Appellant, v. THE UNION OIL COMPANY OF CALIFORNIA (a Corporation), Respondent.

T. L. Doherty and Don R. Lehman for Appellants Stevenson.

Edward C. Mills, John H. Holler and Charles L. Lewis for Appellant Rulison.

Paul M. Gregg, L. A. Gibbons, Andrews & Andrews and Mortimer A. Kline for Respondent.

HOUSER, J.—Primarily, the instant appeals involve the correctness of an order made on the trial of two separate personal injury actions, which for the purpose of trial had been consolidated and wherein the trial court granted an order of nonsuit,—in pursuance of which a judgment was rendered in favor of the defendant.

As was developed on the trial of such consolidated actions, which were brought for the purpose of recovering separate judgments, the pertinent facts upon which each of the alleged causes of action depended were substantially as follows:

Immediately prior to the date when the accident occurred (the facts of which were the foundation of the action), in pursuance of an agreement entered into between the defendant and Texas Oil Company, the defendant had been engaged in the construction and the installation of a connection, or "cross over", between oil pipe lines that were owned and operated separately by the respective parties to such agreement. At the point where such projected "cross over" was in the course of construction, the distance between the two pipe lines was approximately three feet. In order that such work might be properly carried on, a pit, or "bell hole", five feet square and three feet deep, was dug at the proposed point of connection of the two pipe lines. In digging such pit, the removed earth was placed on the surface of the ground adjacent to and surrounding the pit, thus making a pile of earth from twelve inches to sixteen inches in height. On top of such piles of earth lighted kerosene lanterns that were constantly kept in good working condition were maintained at all times—day and night—during the time consumed in the construction of the connection between the two pipe lines. It was designed that the oil that might be trans-

ferred from one pipe line to the other by means of such "cross over" would be controlled by two separate valves, one intended to be under the sole supervision and management of each of the respective pipe-line companies. Apparently, on the date when the accident occurred, the work of installing the "cross over" had nearly reached its completion; but as far as the evidence discloses, the defendant company had given no notice to Texas Oil Company with reference to such an assumed situation. The pit remained open; the removed earth was still on the surface of the ground immediately surrounding the pit; and the kerosene lanterns were still lighted and in full operation. In addition thereto, each of the two valves that controlled the "cross over" was sealed. In such circumstances, without any authority or direction therefor having been first obtained from the defendant company, and in the entire absence of its invitation, consent or permission so to do, as well as of its complete lack of knowledge or notice of the intention in the premises of two employees of Texas Oil Company, named Stevenson and Rulison,—such employees undertook to "inspect" and to "test" such unfinished "cross over". And it was in the course of the progress of such inspection or test that the valve which, upon the completion of the "cross over", was intended to be under the supervision of the defendant company, broke and by reason of which oil and gas was sprayed over and upon each of said two employees of Texas Oil Company;—which oil and gas immediately became ignited from the flame of the lighted kerosene lanterns and produced the injuries that became the basis for the actions in the lower court. The evidence produced by the respective plaintiffs established the additional facts that each of such employees was an able, fully qualified and experienced man in the line of his work; that he was aware of and had realization of the dangers which in the circumstances were present in the task which he had undertaken to perform; but that notwithstanding long experience on his part, and with full knowledge of possible or probable consequences, especially in consideration of the likelihood of the presence in the pit of quantities of inflammable gas which, as an incident thereto, might result from his "inspection" or "test", he failed to extinguish the lighted lanterns or to remove them to a safe distance, or at all, from the point of operation; that he observed the seals that had been placed

upon each of the valves; that he broke one of them and thereupon opened such valve that connected with the broken seal, and proceeded to "inspect" and to "test" the said "cross over"; that in so doing the two employees waited in the immediate vicinity of the "cross over" for a space of approximately fifteen minutes for the purpose of permitting a pressure of oil to develop within said "cross over", which to their knowledge, within such space of fifteen minutes, rose from zero to 330 pounds per square inch inside the "cross over", and which sudden and severe strain or pressure within the "cross over" and valve resulted in the destruction or the breaking of the valve and the consequent injuries to the said employees as hereinbefore set forth.

From such facts, all of which having been produced in behalf of the said employees in the consolidated action before the trial court, it becomes apparent that without and in the absence of the acts and conduct of said employees, knowingly performed by them, and with their full realization of the import and significance of such acts and conduct as applied to a situation fraught with immediate and great danger, the accident which produced the injuries of which complaint was made by the plaintiffs could not have occurred. The negligence of the two employees not only contributed to the happening of the accident, but in fact was its direct and proximate cause.

No other point is necessary of consideration by this court.

It is ordered that the judgment or order be and it is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1935, and the following opinion then rendered thereon:

THE COURT.—On consideration of the petition for rehearing herein, although it may be assumed that even if in some particulars, as insisted by petitioners, the description of the "cross over" and the manner of its proposed operation, as set forth in the opinion of the court, is inaccurate, that fact neither indicates nor requires any change in the

ultimate conclusion with reference to the essential facts in the case.

The petition for rehearing is denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1935.